## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GATEN'S ADVENTURES UNLIMITED, LLC**            **CIVIL ACTION**

**VERSUS**                                        **No. 19-1309**

**JOY TOURS & TRAVEL, LLC**                       **SECTION I**

## ORDER & REASONS

This case arises from a demand by plaintiff, Gaten's Adventures Unlimited,

LLC ("Gaten's"), for the payment of invoices for chartered bus services that Gaten's

provided to defendant Joy Tours & Travel, LLC ("Joy Tours"). Joy Tours now moves

to dismiss Gaten's case for improper venue under Federal Rule of Civil Procedure

12(b)(3). As an alternative to dismissal and pursuant to 28 U.S.C. § 1404(a), Joy Tours

asks the Court to transfer the case to the United States District Court for the

Southern District of Texas, Houston Division. For the following reasons, the motion

is denied.

## I.

The following facts are drawn from the complaint and the parties'

submissions in the record.[1]

---

[1] When deciding a Rule 12(b)(3) motion, the court "is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations omitted). "[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)).

From 2012 to 2018, Joy Tours contracted with Gaten's for passenger bus transportation services in Louisiana and Texas for university athletic programs.[2] Joy Tours is a third-party charter bus booking agent whose business location is in Houston, Texas.[3] Gaten's is a motor coach company based in Hammond, Louisiana that provides chartered passenger buses to customers in Louisiana, Texas, and Mississippi.[4]

According to the plaintiff, beginning in 2012, Joy Tours solicited Gaten's to provide passenger bus transportation in Texas and Louisiana for Rice University's athletic program.[5] Gaten's buses are housed in its Hammond facility, although they are temporarily staged in Texas "at times" to serve customers.[6] Gaten's regular course of charter operations was to dispatch buses from its Hammond facility to the charter customer's designated pick-up location.[7] The buses then return from the drop-off location to Hammond after the charter is complete.[8] Gaten's explains that "[f]or certain charters, Gaten's will use busses that are staged in Houston, Texas, but will also use buses [sic] that are dispatched from Hammond."[9]

Joy Tours alleges that in this case, "[a]lthough the busses were rented from the Plaintiff in the Eastern District of Louisiana, the busses themselves came from

---

[2] R. Doc. No. 11-1, at 2.
[3] R. Doc. No. 9-2, at 3.
[4] R. Doc. No. 11, at 2.
[5] R. Doc. No. 11-1, at 2.
[6] In the long-term, the buses are housed, serviced, maintained, and dispatched from Gaten's facility in Hammond, Louisiana. *Id.* at 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*

Houston, in the Southern District of Texas."[10] Joy Tours further contends that "the busses were only used in Texas."[11] However, invoices submitted by Gaten's demonstrate that Gaten's provided airport pick-up and drop-off transportation for Rice University athletic teams in Louisiana, as well as transportation to and from Rice University's Houston campus to various Louisiana locations.[12] Gaten's issued invoices to Joy Tours from Hammond for its passenger bus charters.[13]

In the summer of 2017, Gaten's agreed to provide passenger bus services to Joy Tours pursuant to Joy Tours's contract to transport Texas A&M University athletic teams to various locations in Texas and Louisiana.[14] According to Gaten's, around June or July of 2017, Clifton Joe, III ("Joe"), Joy Tours's owner, travelled to Gaten's facility in Hammond to solicit these transportation services from Gaten's.[15] Pursuant to an agreement, Gaten's began providing bus services to Joy Tours for Texas A&M athletic teams in August 2017.[16]

---

[10] R. Doc. No. 9-3, at 6.

[11] *Id.*

[12] These locations included New Orleans, Baton Rouge, and Lake Charles. *See* R. Doc. No. 11-2, at 5–8, 12–19.

[13] R. Doc. No. 11-1, at 2.

[14] *Id.* at 2–3.

[15] *Id.* Joe disputes this assertion, claiming that his company "never worked with or sent representatives to the Louisiana location for Gaten." R. Doc. No. 9-2, at 3. However, "[o]n a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). Therefore, the Court accepts Gaten's account of its business relationship with Joy Tours.

[16] R. Doc. No. 11-1, at 3.

In early 2018, Joy Tours began to fall behind on its payments to Gaten's.[17] According to the plaintiff, Joe traveled to Gaten's facility in Hammond several times to discuss payment of the outstanding balances.[18] During these meetings, Joe allegedly "pleaded with Gaten's that it not report his financial difficulties to Texas A&M University for fear of losing his contract."[19] Joe also expressed "his intent and desire to continue and maintain their longstanding business relationship."[20] As Gaten's explains in its opposition memorandum, Gaten's decided to continue contracting with Joy Tours "[b]ased on Mr. Joe's representations and assurances."[21]

By January 2019, however, Joy Tours had failed to pay invoices owed to Gaten's totaling $101,938.78 for charter bus services that Gaten's provided in September and October of 2018.[22] These invoices remain outstanding to date.[23]

## II.

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

[17] *Id.*
[18] *Id.* at 4.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *See* R. Doc. No. 11-3.
[23] R. Doc. No. 11, at 5.

The venue inquiry is governed by 28 U.S.C. § 1391(b), which provides in pertinent part that a plaintiff may bring a civil action in:

(1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Constr. Co., Inc. v. United States Dist. Ct. W. Dist. Tex.*, 571 U.S. 49, 56 (2013).

The plaintiff bears the burden to prove that venue is proper in the chosen district. *See Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268 (5th Cir. 1995); *see also Gupta v. Lynch*, No. 12-1787, 2013 WL 3187273, at *2 (E.D. La. June 20, 2013) (Milazzo, J.) (recognizing a split in authority in the Fifth Circuit, but noting that "[m]ost courts in this District, however, hold that a plaintiff bears the burden of proof" with respect to venue) (collecting cases); *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (same). Where, as here, the court decides a Rule 12(b)(3) motion without holding an evidentiary hearing, the plaintiff need only make a prima facie case to meet its burden to prove that the court has jurisdiction over a nonresident defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523

F.3d 602, 609 (5th Cir. 2008). "Proof by a preponderance of the evidence is not required." *Id.* (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).

When deciding a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Services, Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). Unlike a Rule 12(b)(6) motion, the court may consider extrinsic evidence—including affidavits and other evidentiary materials—in determining whether venue is proper. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Gaten's asserts that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).[24] Joy Tours argues that the proper venue is the Southern District of Texas because its corporate residence is in Houston and a substantial part of the activities giving rise to Gaten's claims occurred in Texas.[25] Joy Tours further contends that it "has no offices or business interests in Louisiana."[26]

### i. *Venue Pursuant to 28 U.S.C. § 1391(b)(1)*

Venue is proper under § 1391(b)(1) with respect to corporate defendants when the corporation "resides" in the judicial district in which the civil action is brought. 28 U.S.C. § 1391(b)(1). Generally, the residency of a corporation is deemed to be any judicial district in which the corporation "is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2); *see TC Heartland*

---

[24] *See id.* at 6–12.
[25] *See* R. Doc. No. 9-3, at 5–7.
[26] *Id.* at 6.

*LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). In a state with multiple judicial districts, if a corporate defendant is "subject to personal jurisdiction" in such state "at the time [the] action was commenced," the defendant "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

A federal district court's exercise of personal jurisdiction over a nonresident defendant must be compatible with the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242 (5th Cir. 2008). Because the limits of Louisiana's long-arm statute are coextensive with constitutional due process limits, the Court need only determine whether the exercise of personal jurisdiction comports with federal constitutional guarantees. *Id.* (citing *A&L Energy, Inc. v. Pegasus Group*, 2000-3255 (La. 6/29/01), 791 So.2d 1266, 1270).

The plaintiff must meet two requirements to satisfy federal due process. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). First, the plaintiff must demonstrate that the defendant "purposefully availed himself of the benefits and protections of the forum by establishing minimum contacts with the state." *Id.* (citing *Walk Haydel*, 517 F.3d at 243). Second, the plaintiff must show that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.*; *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Halliburton Energy Servs.,* 921 F.3d at 539. Gaten's asserts that the Court has specific personal jurisdiction over Joy Tours.[27]

The Court may exercise specific personal jurisdiction over a nonresident corporate defendant when the defendant "'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

### ii.     *Venue Pursuant to 28 U.S.C. § 1391(b)(2)*

For venue to be proper under § 1391(b)(2), "the chosen venue does not have to be the place where the most relevant events took place," but "the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008) (per curiam). In a contract dispute, the court's determination of proper venue may consider factors such as "'where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred.'" *Ross v. Digioia*, No. 11-1827, 2012 WL 72703, at *4 (E.D. La. Jan. 10, 2012) (Vance, J.) (quoting Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3806.1 (4th ed.)). Furthermore, for contractual disputes, "it is relevant that the defendant solicited the plaintiff's business" to establish a connection in the plaintiff's chosen forum. *S. Filter Media, LLC v. Halter*, No. 13-116, 2013 WL 3423269, at *6

---

[27] *See* R. Doc. No. 11, at 8.

(M.D. La. July 8, 2013) (Brady, J.) (citing *Joseph v. Emmons*, No. 04-2843, 2005 WL 757358 (E.D. La. Mar. 23, 2005) (Barbier. J.)).

## III.

Viewing the uncontroverted allegations in the complaint as true and resolving factual disputes in the plaintiff's favor, the Court finds that the Eastern District of Louisiana is a proper venue under § 1391(b)(1) and § 1391(b)(2). Gaten's has demonstrated that a substantial portion of the events and omissions giving rise to Gaten's claims occurred in this district and that Joy Tours is a resident of this district with respect to these claims.

### i.     *Proper Venue Under 28 U.S.C. § 1391(b)(1)*

The Eastern District of Louisiana is a proper venue under § 1391(b)(1). Joy Tours's business negotiations with Gaten's in Hammond support the Court's exercise of specific personal jurisdiction over the defendant. Joe intentionally sought Gaten's services in this district and "'purposefully derive[d] benefit' from [its] interstate activities." *Burger King Corp.*, 471 U.S. at 473–74 (quoting *Kulko v. California Superior Court*, 436 U.S. 84, 96 (1978)). Furthermore, this litigation arose from the alleged injuries related to those activities. *See id.* at 472.

Joe, the owner of Joy Tours, traveled to Hammond, Louisiana on multiple occasions over a six-year period to solicit Gaten's services and negotiate contractual agreements. Moreover, when Joy Tours failed to pay Gaten's invoices on time, beginning in early 2018, Joe met with Gaten's in-person in Hammond several times to reassure Gaten's of forthcoming payments and to maintain their business

relationship. After Joe made these financial commitments to Gaten's in Hammond, Joy Tours continued to fall behind on payments due—significantly, on the unpaid invoices at issue in this case.

Joy Tours has not presented any reasons as to why the assertion of the Court's jurisdiction would be unfair or unreasonable. *See Walk Haydel*, 517 at 245 (5th Cir. 2008) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) ("Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show that the assertion of jurisdiction would be unfair."). Joy Tours has also failed to provide any arguments as to how the exercise of jurisdiction in this district would offend "traditional notions of fair play and substantial justice." *See Halliburton Energy Servs.*, 921 F.3d at 539. Therefore, the Court finds Joy Tours to be a resident of this district with respect to Gaten's claims.

## ii. *Proper Venue Under 28 U.S.C. § 1391(b)(2)*

Venue is also proper in this district under. § 1391(b)(2). Joy Tours's actions in the Eastern District of Louisiana with respect to the claims in this case establish substantial contacts with this forum. *See Gray Cas. & Sur. Co. v. Lebas*, No. 12-2709, 2013 WL 74351, at *2 (E.D. La. Jan. 7, 2013) (Engelhardt, J.) ("The vast majority of courts to address the issue—including courts in this Circuit—have held that the focus of the 'substantial part of events' inquiry is on the actions or omissions of the defendant . . . ") (collecting cases). Joe's in-person meetings with Gaten's in Hammond were the reason for Gaten's continued relationship with Joy Tours, and the yet-unpaid-for services that Gaten's provided thereafter based on Joe's assurances form

the subject matter of this litigation. Furthermore, a significant portion of the services that Gaten's provided to Joy Tours, which Joy Tours solicited and negotiated, occurred in Louisiana. These acts and omissions serve as the basis for proper venue in this district pursuant to 28 U.S.C. § 1391(b)(2).

### iii.  *Transfer Pursuant to 28 U.S.C. §1404(a)*

The Court further finds that transfer to the Southern District of Texas is not warranted under § 1404(a). Section 1404(a) permits a district court to transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district "where it might have been brought." The moving party has the burden of showing "good cause" for a transfer by clearly demonstrating that the statutory requirements of § 1404(a) will be satisfied. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). If the transferee district is not clearly more convenient, the court deciding whether to transfer should respect the plaintiff's choice of venue. *Id*.

After considering the private and public interest factors identified by the Fifth Circuit as relevant to the § 1404(a) transfer determination,[28] the Court concludes that

---

[28] The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am.,* 545 F.3d at 315 (citations omitted). This list of factors is not exhaustive or exclusive, and no one factor is dispositive. *Id*. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

the plaintiff's choice of venue should be respected. Joy Tours has not carried its burden of demonstrating that the Southern District of Texas is "clearly more convenient" for the witnesses and the parties, or that the "interest of justice" requires a transfer. *See id.*

Accordingly,

**IT IS ORDERED** that the defendant's motion is **DENIED**.

New Orleans, Louisiana, August 23, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**